

FILED
Jul 17, 2019
02:30 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony Montgomery | )  Docket No.  2017-01-0884 |
| | ) |
| v. | )  State File No.  13027-2017 |
| | ) |
| Mitchell Industrial Tire Co., Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed as Modified and Remanded

---

In this interlocutory appeal, the employee alleged he suffered injuries when a large airplane tire rolled off a cart and struck him.  In addition to physical injuries to his left shoulder and neck, the employee asserted he suffered depression due to his injuries and the loss of his job.  He requested a panel of specialists after receiving a referral for a psychological evaluation from his authorized pain management physician.  The employer accepted the left shoulder injury as compensable but denied treatment for the alleged neck injury and declined to provide a panel of psychologists.  In addition, the employee sought additional temporary disability benefits, but the employer denied the benefits because the employee had been terminated for cause.  Following an expedited hearing, the trial court ordered the employer to provide a panel of psychologists and/or psychiatrists, and it ordered the employer to authorize a medical procedure prescribed by the pain management physician.  The court denied the employee's claims for treatment of the neck injury and denied additional temporary disability benefits.  The employer has appealed.  We affirm the trial court's order as modified and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

C. Douglas Dooley, Chattanooga, Tennessee, for the employer-appellant, Mitchell Industrial Tire Co., Inc.

Christopher Markel, Chattanooga, Tennessee, for the employee-appellee, Anthony Montgomery

Ronald W. McNutt, Nashville, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

**Factual and Procedural Background**

Anthony Montgomery ("Employee"), a resident of Hamilton County, Tennessee, worked for Mitchell Industrial Tire Co., Inc. ("Employer"), as a tire inspector. On February 15, 2017, Employee was attempting to lift a large airplane tire from a cart when the cart flipped and the tire began rolling toward him. When he attempted to push the tire back, it struck him, and he felt a pop in his left arm or shoulder. He was transported to an emergency room where he was treated with pain medication and released.

Employee was later seen by Dr. Benjamin Miller, a physician he selected from Employer's panel. Dr. Miller diagnosed a full thickness tear of the left rotator cuff, which he repaired surgically.[1] Following surgery, Dr. Miller restricted Employee to sedentary duty and prescribed physical therapy. Thereafter, due to persistent symptoms, Dr. Miller expressed concerns that Employee may have been suffering from complex regional pain syndrome and/or cervical spine symptoms. He referred Employee to a pain management specialist.

On September 18, 2017, Employee saw a pain management specialist, Dr. John Blake. During his deposition, Dr. Blake noted that Employee had a prior history of pain management treatment related to right shoulder and cervical spine complaints in 2008, and again in 2013 and 2014.[2] Following the 2017 work injury, Dr. Blake diagnosed Employee with chronic posttraumatic pain, and he noted long-term opioid use. Dr. Blake prescribed additional medications, including Ambien to help with sleep, and recommended a left stellate ganglion block. In addition, he noted the results of an EMG completed in September 2017 that revealed left carpal tunnel syndrome and cervical radiculopathy.

On cross-examination, Dr. Blake testified that the pain management treatment he provided was necessary, and that Employee had benefitted from the treatment "to some degree." Dr. Blake explained that the narcotics and other medications Employee was taking would affect different patients in different ways. He acknowledged it was possible that the hydrocodone he prescribed could cause drowsiness.[3]

---

[1] The record contains Dr. Miller's operative report dated April 19, 2017, and subsequent reports, but no reports from Dr. Miller's initial encounter with Employee or any other reports prior to the surgery.

[2] The record contains reports from Dr. Blake's practice from 2008, 2013, and 2014, but does not contain any of his reports after the work accident in 2017.

[3] Employer declined to pay additional temporary benefits based on its argument that Employee was terminated for cause after being seen sleeping on the job. The trial court agreed with Employer's position

2

In addition, Dr. Blake testified Employee had reported symptoms of depression due to "his loss of function and his inability to work." Dr. Blake stated he referred Employee "to a psychologist for further evaluation and treatment." He also acknowledged that, in his opinion, the psychological treatment was necessary.

In December 2017, Employee was evaluated at Employer's request by Dr. James Little, a physical medicine and rehabilitation specialist. Dr. Little concluded Employee had suffered a work-related injury to his left shoulder with "persisting subjective pain and weakness" and "reduced range of motion at the left shoulder." He also listed, in a section of his report titled "Unrelated Diagnoses," cervical disc disease and hypertension.

During an expedited hearing, Employee asked the trial court to compel Employer to: (1) authorize a psychological referral as recommended by Dr. Blake; (2) authorize the stellate ganglion block prescribed by Dr. Blake; (3) authorize evaluation of his cervical spine; and (4) pay additional temporary disability benefits. Following the hearing, the trial court issued an order: (1) compelling Employer to provide a panel of "psychologists and/or psychiatrists"; (2) compelling Employer to authorize the stellate ganglion block; (3) denying Employee's request for cervical spine treatment; and (4) denying Employee's request for additional temporary disability benefits. Employer appealed only that portion of the trial court's order compelling a psychological referral. Thereafter, in response to Employee's motion to alter or amend the expedited hearing order, and our remanding of the case for consideration of that motion, the trial court admitted into evidence an additional medical record from Dr. Miller, but denied Employee's request for an amendment to its order compelling a cervical MRI. That second order was not appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly,

---

and denied additional temporary disability benefits. Because that part of the trial court's order has not been appealed, we need not address the termination issue.

impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

The sole issue raised in this appeal is whether the trial court erred in ordering Employer to provide a panel of specialists in response to Dr. Blake's referral for psychological evaluation and treatment. There are several statutory provisions pertinent to this issue. First, Tennessee's Workers' Compensation Law defines "mental injury" as follows:

> "Mental injury" means a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities[.]

Tenn. Code Ann. § 50-6-102(17) (2018).

Second, the law places certain restrictions on psychological and psychiatric treatment. Specifically, "[a]ll psychological or psychiatric services . . . shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(3)." Tenn. Code Ann. § 50-6-204(h).

Finally, the law provides that "[a]ny treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H).

Moreover, we must consider the standard of proof applicable to expedited hearings. It is well-settled that an injured worker has the burden of proof on every essential element of his or her claim. *See* Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence to support an interlocutory award of benefits, but can succeed by presenting sufficient evidence from which the trial court can determine that the employee would likely prevail at trial, consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). In addition, there is a "presumption that the findings and conclusions of the

4

workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7).

Importantly, a doctor need not couch a medical opinion "in a rigid recitation of the statutory definition," of an injury, but must include "sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied." *Panzarella v. Amazon.com, Inc.*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (Tenn. Workers' Comp. App. Bd. May 15, 2017). In reaching such a conclusion, the trial court can consider expert opinions in conjunction with lay testimony of the employee as to his or her condition. *King v. Greene Cnty. Sch. Sys.*, No. E2014-004840-SC-R3-WC, 2015 Tenn. LEXIS 292, at *25 (Tenn. Workers' Comp. Panel Apr. 14, 2015).

Guided by these principles, we note first that it is undisputed Employee selected Dr. Miller as his authorized physician from Employer's panel. It is further undisputed that Dr. Miller referred Employee to a pain management specialist, and that Employee received authorized pain management treatment from Dr. Blake. It was Dr. Blake who made the referral for psychological evaluation and treatment.

Although the record does not contain a copy of Dr. Blake's report making the psychological referral, it does contain Dr. Blake's deposition testimony, which included the following exchange:

> Q.    Doctor, did [Employee] report to you that he was experiencing symptoms of depression?
>
> A.    I believe he did. I remember that from – it's been a year ago. Yes. Okay. So in that first visit on – September of '17, we do a depression screen. . . . His score was elevated. We do that for two reasons: to assess [the screening results] and to open the door for conversation about how that relates to his pain. He stated that his depression was related to his loss of function and inability to work. And I referred him to a psychologist for further evaluation and treatment.
>
> Q.    Got you. So, in your opinion, he needs treatment for the depression, you said, with a psychologist, is that right?
>
> A.    Yes, sir.

Thus, Dr. Blake, an authorized physician pursuant to section 50-6-204(a)(3), made a referral to a psychologist for "further evaluation and treatment." That referral is presumed "medically necessary for treatment of the injured employee" in accordance

with section 50-6-204(a)(3)(H). As a result, the burden shifted to Employer to overcome that presumption and prove by a preponderance of the evidence that the referral was not medically necessary for treatment of Employee. We conclude Employer failed to meet that burden. It offered no evidence that Employee did not suffer from symptoms of depression due to his loss of function, but merely argued that his subjective history was an insufficient basis to support Dr. Blake's referral for psychological evaluation and treatment.

Moreover, Employer offered no expert medical testimony to refute Dr. Blake's opinion that Employee needed treatment for his depression. Instead, it relied on its own interpretation of the medical records to decline to honor the referral, a practice we have addressed previously. *See, e.g.*, *Lurz v. International Paper Co.*, No. 2015-02-0462, 2018 TN Work. Comp. App. Bd. LEXIS 8, at *17 (Tenn. Work. Comp. App. Bd. Feb. 14, 2018) ("parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments").

Finally, Employer and the Subsequent Injury Fund argue that the testimony offered by Dr. Blake "does not meet the requisite standard for medical causation at the expedited hearing stage." We agree the testimony and other evidence offered by Employee at the expedited hearing would be insufficient to satisfy his burden of proof as to the issue of medical causation at trial. However, we conclude there was sufficient evidence in the record to support the trial court's interlocutory determination that Employee is likely to prevail in establishing an entitlement to an evaluation and treatment of any work-related psychological condition, if any such condition is compensable under Tennessee Code Annotated section 50-6-102(17). Dr. Blake's testimony, when considered in conjunction with Employee's statements about his own condition, supports the trial court's determination at this stage of the case. Therefore, we conclude the preponderance the evidence supports the trial court's order for a panel of specialists, but we modify the order to limit it to a panel of psychologists, as recommended by Dr. Blake.[4]

## Conclusion

For the forgoing reasons, the trial court's order for a panel of specialists is affirmed as modified, and the case is remanded. Costs on appeal are taxed to Employer.

---

[4] We do not intend to suggest that the parties are prohibited from reaching an agreement to include one or more psychiatrists on the panel, only that the referral Dr. Blake made was to a psychologist.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Anthony Montgomery | ) | Docket No. 2017-01-0884 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 13027-2017 |
| | ) | |
| Mitchell Industrial Tire Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of July, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Christopher Markel | | | | | X | cmarkel@markelfirm.com jdickey@markelfirm.com |
| C. Douglas Dooley | | | | | X | doug.dooley@leitnerfirm.com |
| Ronald McNutt, Subsequent Injury and Vocational Recovery Fund | | | | | | ronald.mcnutt@tn.gov |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov